# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Adonis Newsome,**
**Petitioner Below, Petitioner**

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 12-1316** (Cabell County 10-C-322)

**Patrick Mirandy, Warden,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Adonis Newsome, by counsel Jeffrey Bowen, appeals the Circuit Court of Cabell County's order entered on October 12, 2012, denying his amended petition for writ of habeas corpus. Respondent Warden Patrick Mirandy,[1] by counsel Laura Young, filed a response in support of the circuit court's decision, to which petitioner replied. On appeal, petitioner alleges that the circuit court erred in denying his amended petition for writ of habeas corpus because he was sentenced to a more severe and excessive sentence than expected, received ineffective assistance of counsel, and was denied equal protection of the law.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 9, 2003, petitioner was present when Rahim Tye was shot in the head and later died. On that same day, petitioner was present when Joseph Hill was shot in the chest and Darcy Steele was shot in the leg. In September of 2009, petitioner and a codefendant were indicted on one count of murder, one count of first degree robbery, one count of attempted first degree murder, and one count of malicious wounding.

Petitioner's codefendant pled guilty to second degree murder and was sentenced to a term of incarceration of twenty-five years, which was later reduced to a term of incarceration of ten years.[2] Petitioner pled guilty to one count of aiding and abetting second degree murder and one count of malicious assault. Petitioner was sentenced to a term of incarceration of forty years for aiding and abetting second degree murder and a term of incarceration of two to ten years for malicious assault, to run concurrently. Pursuant to the plea agreement, the remaining charges

---

[1]Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, we have replaced respondent's name with the current Warden, Patrick Mirandy.

[2]The circuit court granted the codefendant's motion for reconsideration in which he requested the benefit of his plea agreement.

1

were dismissed. Petitioner's motion for reconsideration was denied. Petitioner then filed a habeas petition, and counsel was appointed to file an amended petition. The circuit court denied habeas relief after an omnibus hearing.

On appeal, petitioner argues that his sentence was more severe than expected and disproportionate to his codefendant's sentence. Petitioner also contends that he was denied equal protection of the law because he was similarly situated to his codefendant, yet received a materially different term of incarceration. Finally, petitioner argues that his counsel was ineffective because counsel failed to: (1) to reasonably investigate mitigating evidence, (2) inform him of the State's initial plea, (3) fully explain his plea agreement, (4) argue that petitioner was less culpable than his co-defendant, and (5) incorrectly informed him that he would receive the same sentence as his codefendant.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

After careful consideration of the parties' arguments, this Court concludes that the circuit court did not abuse its discretion in denying the petition for writ of habeas corpus. The circuit court's order reflects its thorough findings of fact and conclusions of law concerning petitioner's arguments raised on appeal. The sentences imposed were within statutory limits and not based on an impermissible factor, nor were they disproportionate to the crimes. Importantly, petitioner was sentenced for an additional crime when compared to his codefendant. When pleading guilty, petitioner was clearly advised of the potential sentence he faced. Finally, "[c]ourts consider many factors such as each codefendant's respective involvement in the criminal transaction (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age and maturity), and lack of remorse." Syl. Pt. 2, in part, *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984). Having reviewed the circuit court's "Amended Order Denying Petition For Habeas Corpus Relief" entered on October 12, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  September 3, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II